EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
AMANDA J. MURRAY, State Bar No. 223829
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5741
  Fax: (415) 703-5843
  Email: Amanda.Murray@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **GREGORY SANDERS,**<br><br>                         Petitioner,<br><br>   v.<br><br>**ROBERT AYERS, JR., Warden,**<br><br>                         Respondent. | C07-06007 THE<br><br>**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:    The Honorable<br>              Thelton E.<br>              Henderson |

As an Answer to the Petition for Writ of Habeas Corpus filed by California state inmate Gregory Sanders, proceeding pro se in this habeas corpus action, Respondent Warden Robert Ayers, Jr.[1] admits, denies, and alleges as follows:

1. Sanders is in the lawful custody of the California Department of Corrections and

---

[1]. The proper respondent in this action is Warden Robert Ayers, Jr. *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (holding that the warden where the petitioner is incarcerated is the proper respondent); Rule 2(a), 28 U.S.C. § 2254. Because the actions complained of in this Petition concern a parole consideration hearing, the Board of Parole Hearings is used interchangeably with Respondent in this Answer and supporting Memorandum of Points and Authorities for convenience only.

1    Rehabilitation (CDCR) serving an indeterminate life sentence following his 1988 conviction in
2    San Bernardino County for second degree murder with a firearm enhancement. (Ex. A, Abstract
3    of Judgement.)

4        2. Sanders's Petition does not challenge his conviction; instead, he challenges
5    the Board's September 21, 2006 decision finding him unsuitable for parole. Specifically, he
6    alleges that his federal due process rights were violated because there is no evidence supporting
7    the Board's decision. (See generally, Petn.)[2/] He also alleges that the Board improperly used
8    elements of the crime that were either dismissed or found not true by the jury in denying him
9    parole and that the Board's decision violated his plea agreement. (*Ibid.*)

10       3. On February 1, 1988, as his son was in the front yard, Sanders calmly walked into the
11   bedroom shared by Shawnie, Sanders's estranged wife, and Larry Steinbring, Shawnie's
12   boyfriend, and with a .38 revolver, shot his wife twice, once in the stomach and once in the leg,
13   and shot Mr. Steinbring twice in the chest. (Ex. B, Investigative Reports at 33, 90-91, 97, 107-
14   108, 89-94; Ex. C, Parole Consideration Hearing at 12-17; Ex. D, 2006 Life Prisoner Evaluation
15   Report at 1.)[3/] Sanders then fled. (Ex. D at 1.) Mr. Steinberg died within minutes and Shawnee
16   was taken to the hospital to surgically repair her wounds. (Ex. B at 14, 110.)

17       4. On September 21, 2006, Sanders was provided an opportunity to be heard during his
18   parole consideration hearing (Ex. C), and the Board issued a decision explaining why Sanders
19   was unsuitable for parole. (Ex. C at 46-51.) *Inmates of Neb. Penal & Corr. Complex v.*
20   *Greenholtz*, 442 U.S. 1, 16 (1979) (federal due process requires inmates being considered for
21   release to parole receive an opportunity to be heard and a reasoned decision). First, the Board

---

2. Sanders also alleges that the Board's decision denying him parole was based upon state regulations that are intolerably vague, arbitrary, and discriminatory, that the Board has a pre-determined policy not to grant parole. (Petn. at 13-23.) However, based on the substance of these allegations, Respondent interprets these claims as challenging the sufficiency of the evidence.

3. Sanders waived the completion of a Probation Officer's Report. As such, the details of his commitment offense have been pieced together from the San Bernardino Sheriff's Department's investigative reports, Sanders's 2006 Life Prisoner Evaluation Report, and Sanders's statements during the Parole Consideration Hearing. (Exs. B-D.)

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.    *Sanders v. Ayers*
C07-06007 THE

found that Sanders's parole plans were unrealistic because he intended to live with his children, work only as a hobby, and collect his modest retirement pension until he could receive Social Security. The Board advised Sanders that he needed to develop parole plans proving that he could support himself if released to parole and not put the responsibility of his welfare on his children. (Ex. C at 36, 42-44, 54-57, 73-74, 77, 81.) Second the Board cited Sanders's murder offense, finding that it was executed in a cruel and callous manner, with an exceptionally callous disregard for human suffering, because it was an execution-style murder where multiple victims were attacked and his four-year old son was playing outside when the murder occurred. The Board also noted that the motive for the crime was trivial because, in response to being taunted by his wife and her lover, he shot them. (*Id.* at 15-16, 74-75.) Third, the Board concluded that Sanders needed additional self-help to deal with his tumultuous relationships with women. (*Id.* at 37, 49-50, 74, 78-79, 84.) Finally, the Board noted that it did not find many of Sanders's explanations during the hearing believable and that he was "a little bit flip," defensive, and "avoidant." (*Id.* at 75, 85.)

    5. Sanders filed a petition with the San Bernardino County Superior Court raising substantially the same challenges to the Board's 2006 decision that he now asserts in his federal Petition. (Ex. E, Superior Court Pet. & Denial.)[4/] The superior court denied Sanders's claims on July 3, 2007 in a four-page reasoned decision. (*Id.*) The court found that the Board had considered the positive factors weighing in favor of Sanders's parole, but that those did not outweigh a finding of unsuitability. Specifically, the court concluded that there was some evidence supporting the Board's decision to deny parole because: (1) Sanders's parole plans were unrealistic in that if released from prison, he intended to retire, go fishing, and live off his children; (2) the crime was committed in a cruel and callous manner, and was an execution-style murder; (3) despite being incarcerated for 18 years, Sanders had failed to develop a vocation; and (4) Sanders did not make a good impression with the Board, who considered "his attitude to be

---

4. To avoid repetition and unnecessary volume, the exhibits attached to Sanders's state court petitions have been removed. Respondent will provide these documents upon the Court's request.

somewhat flippant." (*Id.* at 3-4.) Thus, the court found that this was more than some evidence justifying a finding of Sanders's parole unsuitability. (*Id.*)

6. Sanders pursued his claims by filing substantially the same petition for writ of habeas corpus in California's Fourth Appellate District, which was denied on August 14, 2007. (Ex. F, Appellate Court Pet. & Denial.)

7. Sanders pursued his claims by filing substantially the same petition for writ of habeas corpus in the California Supreme Court, which was denied on October 24, 2007. (Ex. G, Supreme Court Pet. & Denial.)

8. Respondent admits that Sanders has exhausted his state court remedies regarding his challenge to the sufficiency of the evidence and his allegations that the Board considered impermissible evidence to deny him parole, and that the Board's decision to deny him parole violated his plea agreement. Respondent denies that Sanders has exhausted his claims to the extent that they are more broadly interpreted to encompass any systematic issues beyond this particular review of parole denial.

9. Respondent denies that the state courts' adjudication of Sanders's claims was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).

10. Respondent denies that the state courts' adjudication of Sanders's claims was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

11. To preserve the issue, Respondent denies that Sanders has a federal liberty interest in parole under California Penal Code section 3041, notwithstanding the Ninth Circuit's contrary decision in *Sass v. Cal. Bd. Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2005). *See Greenholtz supra*, 442 U.S. at 12 (finding no federally protected liberty interest in parole release date unless state creates interest through the unique structure and language of state parole statute); *but see also Sandin v. Connor*, 515 U.S. 472, 484 (1995) (no federal liberty interest unless the state's action poses an atypical or significant hardship compared with ordinary prison life). Sanders does not have a federally protected liberty interest in parole under either *Greenholtz* or *Sandin*:

first, California's parole scheme is a two-step process that does not impose a mandatory duty to grant life inmates parole before a suitability finding (*In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005)), and second, an inmate such as Sanders continuing to serve his life sentence does not pose an atypical or significant hardship compared to ordinary prison life (*In re Rosenkrantz*, 29 Cal.4th 616, 658 (2002) ["parole release decisions concern an inmate's anticipation or hope of freedom"]). Thus, Sanders does not have a protected liberty interest and fails to assert a basis for federal jurisdiction.

12. To preserve the issue, notwithstanding the Ninth Circuit's contrary decision in *Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007), Respondent denies that the Supreme Court has ever clearly established that a state parole board's decision must be supported by some evidence.

13. Respondent affirmatively alleges that if the some-evidence standard applies to federal review of parole denials, then there is some evidence supporting the Board's 2006 decision denying Sanders parole.

14. Respondent denies that the correct legal standard for judicial review is whether Sanders currently poses an unreasonable threat to public safety if released from prison or whether the Board's decision is supported by a preponderance of the evidence. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (some-evidence standard only requires determining whether the decision is supported by any evidence in the record).

15. Respondent alleges that there is no clearly established federal law precluding the Board from relying on the commitment offense as a reason to deny parole. *See Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 654 (2006) (federal habeas relief was improper under AEDPA in absence of United States Supreme Court precedent).

16. Respondent alleges that Sanders's state law claims asserting that the Board considered impermissible evidence in denying him parole or that he is entitled to release under the Board's sentencing matrices are not subject to federal habeas relief because it is an issue of state law. 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197-1198 (1983). Moreover, Respondent denies that these claims are contrary to any established United States Supreme Court law.

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.    *Sanders v. Ayers*
C07-06007 THE

17. Respondent denies that the state courts acted contrary to clearly established federal law in rejecting Sanders's claim that the Board violated his plea agreement in denying him parole.

18. Respondent denies that the Board's decision denying parole violated Sanders's federal due process rights.

19. If the Petition is granted, Sanders's remedy is limited to a new parole consideration hearing before the Board that comports with due process. *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-985 (9th Cir. 2002) (finding that the Board must exercise the discretion in determining whether or not an inmate is suitable for parole); *In re Rosenkrantz*, 29 Cal.4th at 658.

20. Respondent denies that an evidentiary hearing is necessary in this matter. 28 U.S.C. § 2254(e).

21. Respondent admits that Sanders's claim is timely under 28 U.S.C. § 2244(d)(1), and that the Petition is not barred by the non-retroactivity doctrine.

22. Except as expressly admitted in this Answer, Respondent denies the allegations of the Petition.

23. Sanders fails to state or establish any grounds for habeas corpus relief.

For the reasons stated in this Answer and in the following Memorandum of Points and Authorities, this Court should deny the Petition.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Sanders's Petition should be denied because he received the only process due under clearly established Supreme Court authority: the opportunity to be heard and a reasoned decision. Thus, the Board's decision did not violate his federal due process rights. Even if the some-evidence test is applicable, and Respondent maintains it is not, Sanders's Petition should be denied because there is some evidence supporting the Board's decision denying Sanders parole.

//
//
//

# ARGUMENT

## THE STATE COURTS' ADJUDICATION OF SANDERS'S CLAIMS WAS NEITHER CONTRARY TO, NOR INVOLVED AN UNREASONABLE APPLICATION OF, CLEARLY ESTABLISHED FEDERAL LAW, NOR WAS IT BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.

### A. Sanders's Petition Should Be Denied Because He Received All Process Due: an Opportunity to Be Heard and an Explanation for the Parole Denial.

The Supreme Court has found that a parole board's procedures are constitutionally adequate if the inmate is given an opportunity to be heard and a decision informing him of the reasons he was not yet suitable for parole. *Greenholtz*, 442 U.S. at 16. As a matter of "clearly established" federal law then, a challenge to a parole decision will fail if the inmate has received the protections required under *Greenholtz*. *See Wilkinson v. Austin*, 545 U.S. at 229 (Supreme Court cited *Greenholtz* approvingly for the proposition that the "level of process due for inmates being considered for release on parole includes opportunity to be heard and notice of any adverse decision" and noted that *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards.") Sanders does not deny that he received an opportunity to be heard or the reasons he was denied parole. (Ex. C.) Thus, the state courts' decisions were not contrary to clearly established federal law. *Early v. Packer,* 573 U.S. 3, 8 (2002) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) (state court decision is "contrary to" clearly established Supreme Court precedent "if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision'" of the Supreme Court and nevertheless arrives at a different result).

### B. The Some-Evidence Standard of Review Is Not Clearly Established Federal Law by the United States Supreme Court for Challenging Parole Denials.

A federal court may only grant habeas relief if the state court's adjudication was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court law; or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). In conducting an AEDPA analysis, "[w]hat

matters are the holdings of the Supreme Court, not the holdings of lower federal courts." *Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th Cir. 2008) (en banc).

Thus, because *Greenholtz* is the *only* clearly established United States Supreme Court authority describing the process due at a parole consideration hearing when an inmate has a federal liberty interest in parole, the *Greenholtz* test should apply in this proceeding. Indeed, both the United States Supreme Court and the Ninth Circuit have reiterated that there can be no clearly established federal law where the Supreme Court has never addressed a particular issue or applied a certain test to a specific type of proceeding. *See e.g., Schriro v. Landrigan*, ___ U.S. ___, 127 S. Ct. 1933, 1942 (2007) (no federal habeas relief when the issue is an open question in the Supreme Court's precedent); *Wright v. Van Patten*, ___ U.S. ___, 128 S.Ct. 743 at 746-747 (2008) (per curiam) (Supreme Court vacated the judgment, and remanded for further consideration in light of *Musladin* because "No decision of this Court . . . squarely addresses the issue in this case" and, therefore relief under § 2254(d)(1) is "unauthorized"); *Crater v. Galaza*, 491 F.3d 1119, 1126 & n.8 (9th Cir. 2007) (citing *Musladin*, the Ninth Circuit acknowledged that decisions by courts other than the Supreme Court are "non-dispositive" under § 2254(d)(1)); *Cook v. Schriro*, 516 F.3d 802, 818 (9th Cir. 2008) (citing *Musladin*, the Ninth Circuit found that because there was no United States Supreme Court precedent establishing the unconstitutionality of the clause in plea agreements, it could not say "that the state court 'unreasonably applied clearly established Federal law'"). Accordingly, because *Hill*, 472 U.S. at 455-456 applied the some-evidence standard to a prison disciplinary hearing and Sanders challenges a parole consideration hearing, the some-evidence standard does not apply.

Yet, the Ninth Circuit continues to hold that the some-evidence standard governs parole cases, even though the Supreme Court has never extended that test from disciplinary cases to parole cases. *See, e.g., Hayward v. Marshall*, 512 F.3d 536, 542 (9th Cir. 2007); *Irons v. Carey*, 505 F.3d at 851; *but see Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (some-evidence standard applies to disciplinary proceedings) *Musladin*, 549 U.S. 70, 127 S. Ct. at 654 (federal habeas relief was improper under AEDPA in absence of United States Supreme Court precedent

as to specific issue presented).[5/] As such, Respondent will argue this case accordingly.

### C. Sanders's Petition Should Be Denied Because the State Courts' Decision Upholding the Denial Was Not An Unreasonable Application of the Some-Evidence Standard.

If this Court finds that the some-evidence standard applies and assuming Sanders has a federally protected liberty interest, the state courts' decision that some evidence supports the Board's decision denying Sanders parole was not an unreasonable application of the some-evidence standard. The some-evidence standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence;" rather, it assures that "the record is not so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 455-457. Thus, under the very minimal standards of the "reasonable application" standard of AEDPA (*Williams,* 529 U.S. at 413 [under AEDPA's unreasonable application prong, the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the case]), the Court's inquiry is limited solely to determining whether the state courts reasonably applied the some-evidence standard of *Hill* — i.e., whether the state courts properly found that the Board's decision to deny parole is supported by any evidence. *Hill*, 472 U.S. at 455. In making this assessment, the federal court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza,* 297 F.3d 911, 918 (9th Cir. 2002); *see Ylst v. Nunnemaker*, 501 U.S. 797, 803-804 (1991).

Here, the trial court concluded that there was some evidence supporting the Board's decision denying Sanders parole because: (1) Sanders's parole plans were unrealistic in that if released from prison, he intended to retire, go fishing, and live off his children; (2) the crime was committed in a cruel and callous manner, and was an execution-style murder; (3) despite being incarcerated for 18 years, Sanders had failed to develop a vocation; and (4) that Sanders did not make a good impression with the Board, who considered "his attitude to be somewhat flippant."

---

5. Although published after *Musladin*, neither *Irons* nor *Hayward* addressed the Court's discussion of clearly established federal law under AEDPA.

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                     *Sanders v. Ayers*
                                                                              C07-06007 THE

1 | Moreover, although Sanders argues that the Board's regulations are vague, arbitrary, and discriminatory as applied to him, and that the Board has a predetermined policy to deny parole, he fails to support these claims and instead invites this Court to re-examine the facts of his case and re-weigh the evidence presented to the Board. (Petn. at 13-23.) Yet, neither AEDPA nor *Hill*'s some-evidence test permit this degree of judicial intrusion. Moreover, in assessing the state court's review of Sanders's claims, not only should the appropriate deference be afforded to the state courts under AEDPA, but deference is also due to the underlying Board decision. The Supreme Court has recognized the difficult and sensitive task faced by the Board members in evaluating the advisability of parole release. *Greenholtz*, 442 U.S. at 9-10. Thus, contrary to Sanders's belief that he should be paroled based on the evidence in support of his parole (*see generally*, Petn.), the Supreme Court has stated that in parole release, there is no set of facts which, if shown, mandate a decision favorable to the inmate. *Id.* Here, because the state courts' reasonably applied the some-evidence test, Sanders has failed to assert a claim for federal habeas relief. Accordingly, Sanders's Petition should be denied.

**D.     No Clearly Established United States Supreme Court Law Precludes the State Courts from Upholding the Board's Reliance on Sanders's Commitment Offense to Deny Him Parole.**

Sanders contends that the Board violated his federal due process rights by improperly relying on his commitment offense to find him unsuitable for parole. (Petn. at 1-8, 14-15, 20.) Yet, there is no clearly established federal law as determined by the United States Supreme Court precluding the Board's reliance on Sanders's crime as a reason to find him unsuitable for parole. *See Musladin*, 549 U.S. 70, 127 S. Ct. at 654; *Landrigan*, 127 S. Ct. at 1942. Although the Ninth Circuit's recent holdings suggest that continued reliance on the commitment offense may violate due process at some future date (*see, e.g., Irons*, 505 F.3d at 854 [citing *Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003)]; *Hayward v. Marshall*, 512 F.3d at 547, fn. 10 [court concluded that Governor's continued reliance on Hayward's commitment offense violated due process, but expressly limited its holding to the facts of Hayward's case and the nature of his specific conviction offense] (petn. for reh'g granted), these holdings are irrelevant when conducting an AEDPA analysis. *Plumlee*, 512 F.3d at 1210 ("What matters are the holdings of

the Supreme Court, not the holdings of lower federal courts").

Indeed, the Supreme Court recently highlighted the tight constraints imposed by AEDPA:

> Because our cases give no clear answer to the question presented, let alone one in [Petitioner's] favor, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Musladin*, 549 U.S. at ___, 127 S. Ct. 649, 654 (quoting 28 U.S.C. § 2254(d)(1)). Under the explicit terms of § 2254(d)(1), therefore, relief is unauthorized.

*Van Patten*, ___ U.S. ___, 128 S.Ct. at 747. Thus, because the Board's reliance on Sanders's commitment offense to deny parole is not contrary to any clearly established United States Supreme Court law, Sanders's argument is without merit.

### E. Sanders's Claim that the Board Relied on Impermissible Evidence in Denying Him Parole Should Be Denied Because Federal Habeas Relief Is Not Available for State Law Claims and There Is No Clearly Established United States Supreme Court Law Prohibiting It.

In addition to challenging the sufficiency of the evidence, Sanders alleges a state law claim that the Board improperly used elements of the crime that were either dismissed or found not true by the jury in denying him parole. This claim fails to implicate a federal claim because it is based on Sanders's erroneous construction of the state statutes and regulations regarding the manner in which the parole authority determines suitability for parole. Accordingly, Sanders's claim is predicated on state law and not cognizable in federal habeas corpus. 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. at 21; *Gutierrez v. Griggs*, 695 F.2d at 1197-1198. Moreover, even if Sanders is alleging that the state court erroneously rejected these claims, a federal court may not challenge a state court's interpretation or application of state law, *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985), or grant relief "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Accordingly, the Petition should be denied as to this claim.

Likewise, because there is no Supreme Court authority limiting the evidence the Board may consider in determining an inmate's parole suitability, the superior court did not act contrary to clearly established Supreme Court law by upholding the Board's decision to deny Sanders parole.

1  Yet, even on the merits, Sanders's claim fails because it is well established that the Board
2  is not limited by the nature of the conviction as to the evidence it can consider in assessing parole
3  suitability, most significantly because the Board is not required to support its decision with
4  evidence that meets the criminal beyond-a-reasonable-doubt standard. *See Pedro v. Oregon*
5  *Parole Board*, 825 F.2d 1396, 1399 (1987) (holding that the full panoply of rights due a
6  defendant in a criminal proceeding is not constitutionally mandated in a parole proceeding
7  because the setting of a parole term is not part of a criminal prosecution); Cal. Code Regs. tit. 15,
8  § 2402 (b). As such, Sanders cannot prove there was an AEDPA violation and his claim must be
9  dismissed.

      **F.    Sanders's Claim that the Board Violated His Plea Agreement by Denying Him Parole Should Be Dismissed Because He Cannot Show that the State Courts Acted Contrary to Clearly Established Federal Law.**

12  Sanders's challenge to the Board's parole denial as violating his plea agreement fails
13  because there is no evidence that Sanders was promised in the plea agreement that the Board
14  would be limited by the plea agreement when making a parole suitability determination — *i.e.*,
15  there was no promise regarding parole suitability at the time of the plea. *See Santobello v. New*
16  *York*, 404 U.S. 257, 261-62 (1971) (plea bargain agreement containing specific promise must be
17  enforced); *Brown v. Poole*, 337 F.3d 1155, 1160-1161 (9th Cir. 2003) (plea bargain agreement
18  containing a specific promise, such as when the inmate will be paroled, is enforceable). In the
19  absence of such evidence, Sanders's subjective belief that the district attorney could not
20  repeatedly oppose his parole or that the Board would be prohibited from finding him unsuitable
21  for parole based on his plea agreement, is insufficient to demonstrate that the state courts
22  unreasonably applied clearly established federal law or unreasonably determined the facts
23  regarding his claim. Indeed, the superior court determined that the plea agreement did not
24  indicate that Sanders would be found suitable for parole at any particular time in the future. (Ex.
25  E at 2.)

26  Thus, in the absence of any evidence that the Board was prohibited from finding Sanders
27  suitable for parole based on his plea agreement, Sanders cannot show that the state courts'
28  decision violated AEDPA, and his Petition should be denied as to this claim. 28 U.S.C. §

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.      *Sanders v. Ayers*
      C07-06007 THE

2254(d).

## CONCLUSION

Sanders received all the process he was due under clearly established Supreme Court authority. Moreover, the record reflects that the Board's decision was supported by some evidence. Thus, the state courts' adjudication of Sanders's claims was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. Accordingly, Sanders's Petition should be denied.

Dated: May 19, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMANDA J. MURRAY
Deputy Attorney General
Attorneys for Respondent

40249021.wpd
SF2008401266

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Sanders v. Ayrers**

No.:   **C07-06007 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **May 20, 2008**, I served the attached

## ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Gregory L. Sanders, E-05222**
**San Quentin State Prison**
**1 Main Street**
**San Quentin, CA 94964**
*IN PRO PER*
*E-05222*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 20, 2008**, at San Francisco, California.

|  |  |
| --- | --- |
| M.M. Argarin | *M.M. Argarin* |
| Declarant | Signature |

40255926.wpd